No. 19-2

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

IN RE RICHARD TIPTON, III,
Movant.

---

CAPITAL CASE

APPLICATION FOR AUTHORIZATION TO FILE
A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

---

Stephen Northup,
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Counsel for Richard Tipton, III

Pursuant to 28 U.S.C. § 2244(b)(3), Movant Richard Tipton, III, by and through his undersigned counsel, respectfully applies to this Court for authorization to file a successive motion under 28 U.S.C. § 2255(h)(2). Mr. Tipton makes this request so that he may challenge his convictions for using or carrying a firearm during and in relation to a "crime of violence," in violation of Section 924(c) of Title 18 of the federal criminal code.

Mr. Tipton seeks to challenge his Section 924(c) convictions in light of the decision of the Supreme Court of the United States in *Sessions v. Dimaya*, __ U.S. __,138 S. Ct. 1204 (2018). *Dimaya* held that the residual clause of the federal criminal code's definition of a "crime of violence," as codified in Section 16(b) of Title 18, is void for vagueness and violates the Due Process Clause of the Fourteenth Amendment. *Dimaya*, 138 S. Ct. at 1223. In *United States v. Simms,* 914 F.3d 229 (4th Cir. 2019) (*en banc*), this Court concluded, per *Dimaya*, that the residual clause defining "crime of violence" under Section 924(c)(3)(B) is *also* void for vagueness, as it is identical to Section 16(b) and imposes the same "categorical approach" and "ordinary case" inquiry that the Supreme Court rejected.[1] Thus, after *Dimaya,* Mr. Tipton's Section 924(c) convictions cannot be

---

[1] Three other circuits have reached the same conclusion post-*Dimaya*. *See United States v. Davis*, 903 F.3d 483, 495-86 (5th Cir. 2018) (per curiam), *cert. granted*, __ U.S.__, __ S. Ct. __, 2019 WL 98544 (U.S. Jan. 4, 2019) (No. 18-

2

sustained.

As explained below, Mr. Tipton can make the *prima facie* showing required by 28 U.S.C. §§ 2244(b)(3) and 2255(h)(2). This Court therefore should allow the district court an opportunity to consider the merits of his application by allowing him to file a § 2255 motion in light of *Dimaya*.

## INTRODUCTION

On February 3, 1993, Mr. Tipton was convicted of, *inter alia*, two counts of using a firearm in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Counts 20 and 26). Mr. Tipton's Section 924(c) convictions incorporated the following counts as crimes of violence: conspiracy, as charged in Count 1 of his second superseding indictment[2]; killing in furtherance of a continuing criminal enterprise ("CCE"), as charged in Counts 17, 18, 19, 24 and 25; murder to maintain or increase position in a racketeering enterprise, as charged in Counts 21, 22, 23, 27 and 28; and maiming to maintain or increase position in a racketeering enterprise, as charged in Counts 29 and 30. In accord with the jury's recommendation, the district court sentenced Mr. Tipton to death for three murders

---

431); *United States v. Eshetu,* 898 F.3d 36, 37 (D.C. Cir. 2018) (per curiam); *United States v. Salas,* 889 F.3d 681, 684, 684-86 (10th Cir. 2018). *See also United States v. Cardena,* 842 F.3d 959, 996 (7th Cir. 2016) (holding § 924(c)(3)(B) void under *Johnson*).

[2] Mr. Tipton's second superseding indictment is attached as Exhibit 1 to his proposed § 2255 motion (which, in turn, is Attachment A to this application).

3

in furtherance of a CCE (Counts 3, 24 and 25), to life for three murders in furtherance of a CCE (and for which the prosecution had sought the death penalty), and to terms of years.

Section 924(c) includes two alternative clauses defining "crime of violence." The first, § 924(c)(3)(A), is commonly referred to as the "force" or "elements" clause and applies to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  The second, § 924(c)(3)(B), is commonly referred to as the "residual clause" and applies to any felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Post-*Dimaya*, however, Mr. Tipton's predicate offenses cannot constitute "crimes of violence" within the constitutionally valid construction of § 924(c).  As this Court confirmed in *Simms*, Section 924(c)'s residual clause is indistinguishable in all material respects from the residual clause of Section 16(b), which the Supreme Court deemed unconstitutionally vague in *Dimaya*. Accordingly, Section 924(c)'s residual clause is itself unconstitutional and cannot serve as a vehicle to render Mr. Tipton's predicate offenses "crimes of violence."[3]

---

[3] The implications for Mr. Tipton from the invalidation of Section 924(c)'s residual clause are explored in greater detail in Part IA of his proposed successive

Furthermore, his predicate offenses do not categorically qualify as "crimes of violence" under the remaining force or elements clause, as they do not have as a required element the use, attempted use, or threatened use of violent physical force; and 2) they can be accomplished without the defendant's intentional use, attempted use, or threatened use of the same.  Indeed, as this Court held (and as the government conceded) in *Simms*, 914 F.3d at 233, conspiracy offenses categorically fail to qualify as "crimes of violence" under the remaining § 924(c) force clause because they require the government to "prove only that the defendant agreed with another to commit actions, which if realized would violate [the object of the conspiracy].  Such an agreement does not invariably require the actual, attempted, or threatened use of physical force." *Id.* at 233-34.  Because the remaining predicate offenses for which he was found guilty also do not require that Mr. Tipton engaged in intentional "violent force", Mr. Tipton's convictions under § 924(c) cannot stand.[4]

As Section 924(c)'s residual clause is void and its force clause is unsatisfied, Mr. Tipton's convictions and sentences: (1) violate due process; (2) violate the laws of the United States and result in a fundamental miscarriage of justice; and (3)

---

Section 2255 motion, which is attached to this application.  *See* Attachment A (Proposed Motion to Correct Sentence under 28 U.S.C. § 2255).

[4] See Part IB of Attachment A.

5

were entered in excess of the district court's jurisdiction.  Mr. Tipton is accordingly innocent of the Section 924(c) offenses, and his convictions and their associated sentences are void.   His death sentences are also void, and he must be resentenced by a jury.[5]

Because Mr. Tipton previously pursued a collateral attack on his conviction and sentence under 28 U.S.C. § 2255, however, he may not pursue relief in the district court without this Court's authorization.  Per the United States Code, such authorization is appropriate when the petitioner makes a "*prima facie* showing" that his proposed claim "contain[s]" a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); 28 U.S.C. § 2244(b)(3).  As *Dimaya* meets each of these criteria, Mr. Tipton urges this Court to authorize his filing of the attached successive Section 2255 motion, which details why its new rule entitles him to relief.

## PROCEDURAL HISTORY

### A.    Conviction and Sentencing.

On February 3, 1993, Mr. Tipton was convicted of the following crimes: conspiracy to possess cocaine base with intent to distribute in violation of 21

---

[5] See Part III of Attachment A.

U.S.C. § 846[6]; engaging in a CCE in violation of 21 U.S.C. § 848(a)[7]; six counts of murder "while engaged in and working in furtherance of" a CCE in violation of 21 U.S.C. § 848(e)[8]; six counts of murder "to maintain or increase position in racketeering enterprise" in violation of 18 U.S.C. § 1959[9]; two counts of maiming "to maintain or increase position in racketeering enterprise" in violation of 18 U.S.C. § 1959[10]; two counts of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1)[11]; and, most relevant to this motion, two counts of using a firearm in relation to a crime of violence, 21 U.S.C. § 924(c)[12].

With respect to the two § 924(c) counts, the Second Superseding Indictment cited *all* the following counts as the predicate offenses: conspiracy, as charged in Count 1; killings in furtherance of a CCE, as charged in Counts 17, 18, 19, 24 and 25; murders to maintain or increase position in a racketeering enterprise, as charged in Counts 21, 22, 23, 27 and 28; and maiming to maintain or increase

---

[6] Count 1.

[7] Count 2.

[8] Counts 3, 17, 18, 19, 24, and 25.

[9] Counts 4, 21, 22, 23, 27, and 28.

[10] Counts 29 and 30.

[11] Counts 32 and 33.

[12] Counts 20 and 26.

position in a racketeering enterprise, as charged in Counts 29 and 30. During its guilt phase instructions with respect to the Section 924(c) offenses, however, the District Court made no reference to the predicate offenses cited in the Second Superseding Indictment. Rather, the District Court simply read the text of § 924(c)(1) to the jury, Tr. 3222, followed by a nearly verbatim reading of its force and residual clauses. Additionally, during the guilt-phase sentencing instructions, the District Court repeatedly admonished the jury to refer to Mr. Tipton's verdict form to "assist" it in rendering its verdict as to each count of the indictment. T. 3219-22. But that form[13] required no specific findings from the jury as to either the predicate offenses or the Section 924(c) offenses, save that Mr. Tipton was "Guilty or Not Guilty." *See* discussion, Attachment A at 18-19.

At the conclusion of the penalty phase, the jury recommended death sentences for three killings in furtherance of a CCE (Counts 3, 24 and 25). The jury also recommended sentences of life for three murders in furtherance of a CCE for which the prosecution had sought the death penalty. The District Court sentenced Mr. Tipton in accord with the jury's recommendation, also imposing terms of imprisonment for the non-capital counts of which Tipton was convicted.

---

[13] Mr. Tipton's verdict form is attached as Exhibit 2 to his proposed successive Section 2255 motion, which, in turn, is attached as Attachment A to this application.

8

## B.    Direct Appeal.

Mr. Tipton timely appealed to this Court, which consolidated his appeal with those of his co-defendants, James Roane and Cory Johnson.  On July 8, 1996, this Court affirmed Tipton's convictions and sentences.  *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996).[14]  The Supreme Court of the United States denied certiorari on June 2, 1997.  *Tipton v. United States*, 520 U.S. 1253 (1997).

## C.    Previous § 2255 Motion.

Following the denial of certiorari, Mr. Tipton timely filed a motion for collateral relief pursuant 28 U.S.C. § 2255.[15]  The District Court denied relief. *Tipton  v. United States*, No. 3:92CR68 (E.D.Va. Nov. 26, 2003).

This Court affirmed the denial of relief. *Roane v. United States*, 378 F.3d 382 (4th Cir. 2004). The Supreme Court denied certiorari.

On May 20, 2016, Mr. Tipton moved this Court for authorization to file a successive § 2255 motion challenging his § 924(c) convictions and sentences based

---

[14]  This Court vacated Tipton's conviction for conspiracy under 21 U.S.C. § 846 on the ground that this was a lesser-included offense of his conviction under 21 U.S.C. § 848. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996).

[15] Mr. Tipton's initial § 2255 motion was docketed under case number 98CV361.  It asserted, *inter alia*, that: (1) that the prosecution unconstitutionally discriminated against women in the jury selection process; (2) numerous challenges to the CCE convictions, including but limited to, the trial court's jury instructions and related ineffective of counsel claims; (3) numerous claims of prosecutorial misconduct; and (4) that trial counsel was ineffective in numerous respects apart from the CCE.

upon *Johnson v. United States,* __ U.S.__, 135 S. Ct. 2551 (2015). (D.1, *In re: Tipton*, No. 16-7.) This Court denied that motion on June 6, 2016—more than a year prior to the Supreme Court's decision in *Dimaya*. (D.13, No. 16-7.)

## LEGAL STANDARDS

**This Court should grant Mr. Tipton's application for authorization to file a successive § 2255 motion in the district court because *Dimaya* announced a new and previously unavailable rule of constitutional law made retroactive by the Supreme Court.**

> **A.      Mr. Tipton can make a sufficient showing of possible merit to warrant fuller exploration by the district court.**

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") allows a federal prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under this provision, a federal prisoner must make a *prima facie* showing that the motion is based on (1) a previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C. § 2255(h)(2); *see Tyler v. Cain,* 533 U.S. 656, 662 (2001).

This Court has specified that "a *prima facie* showing" in this context is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *United States v. Williams*, 330 F.3d 277, 281 (4th Cir. 2003)

10

(citation omitted). Further, the "showing of possible merit . . . . relates [only] to the possibility" that the gatekeeping requirements for filing a successive § 2255 motion will be met, "not the possibility that the claims will ultimately warrant a decision in favor of the applicant." *See id.* at 282. While the determination of whether Mr. Tipton has made this *prima facie* showing "may entail a cursory glance at the merits . . . the focus of [this Court's] inquiry must always remain" on the gatekeeping standards themselves. *Id.* Mr. Tipton readily satisfies that standard.

**B.    *Dimaya* announced a new rule of constitutional law that was previously unavailable.**

"[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). "And a holding is not so dictated . . . unless it would have been apparent to all reasonable jurists." *Chaidez,* 568 U.S. at 347 (internal quotation marks and citation omitted).

*Dimaya* is plainly a new rule. When Mr. Tipton's conviction became final in 1997, *no court* had entered a holding that 18 U.S.C. § 16(b), 18 U.S.C. § 924(c)(3)(B), or any other "crime of violence" residual clause was unconstitutionally void. Quite the contrary, as the only relevant Supreme Court decisions found similar residual clauses constitutional. *See Sykes v. United States*,

11

131 S. Ct. 2267 (2011) (holding residual clause of Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii)), not unconstitutionally void); *James v. United States*, 550 U.S. 192 (2007) (same). No precedent dictated or even suggested the infirmity of Section 16(b)'s residual clause or that of its twin in Section 924(c). *See Casarez v. Barnes,* 2018 WL 6516043, at *2 n.1 (D. Minn. Nov. 6, 2018) (government concedes "that a viable claim under *Dimaya* may be authorized under § 2255(h)" because *Dimaya* is new and applies retroactively to cases on collateral review); *Jackson v. Barnes,* 2018 WL 5258800, at *3 (D. Minn. Oct. 1, 2018) (government concedes that *Dimaya* is a new rule that applies retroactively to cases on collateral review).

By holding that Section 16(b)'s residual clause was unconstitutionally void under the Fifth Amendment's Due Process Clause, *Dimaya* also announced a rule "of constitutional law." 138 S. Ct. at 1216.

Further, *Dimaya's* new rule was not previously available to Mr. Tipton during either his direct review or his previous § 2255 filings. Indeed, this Court's denial of Mr. Tipton's 2016 application for leave to file a successive § 2255 petition challenging his Section 924(c) convictions and sentences as void for vagueness pursuant to *Johnson* only underscores the unavailability of that rule until *Dimaya*.

12

## C.    *Dimaya* is retroactive.

Per *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is both "new" and "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Dimaya*'s rule is "new" for the reasons discussed *supra*. It is also "substantive," as discussed *infra*.

A decision is "substantive" if it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351-52 (citing *Bousley v. United States,* 523 U.S. 614, 620-21 (1998)). A substantive decision "necessarily carries a significant risk that a defendant stands convicted of 'an act that the law does not make criminal' or faces a punishment that the law cannot impose on him." *Schriro*, 542 U.S. at 352 (quoting *Bousley,* 523 U.S. at 620). This is particularly true when the decision "modifies the elements of an offense . . . rendering some formerly unlawful conduct lawful" under a particular statute. *Schriro*, 542 U.S. at 354. In *Bousley*, for example, the Supreme Court held that its decision in *Bailey v. United States*[16] was substantive because it narrowed the "use" of firearm element of a Section 924(c) offense to require the "*active employment* of a firearm." 523 U.S. at 617, 620-21 (emphasis added). In so doing, the Court placed some conduct

---

[16] 516 U.S. 137, 144 (1995)

that had been criminal under Section 924(c) —the mere *possession* of a firearm in connection with a "crime of violence"—beyond its scope.

By that metric, *Dimaya* is substantive, as it narrowed the scope of Section 16's definition of a "crime of violence" by excising its residual clause, which accordingly narrowed the scope of those federal criminal offenses that incorporate its definition as an element of the offense.[17]   By thus modifying the elements of those offenses, *Dimaya* renders some formerly unlawful conduct lawful.[18]   For example, Mr. Tipton's conspiracy offenses were "crimes of violence" under Section 924(c)'s residual clause only.  With the demise of that clause post-*Dimaya,* the "crime of violence" element of Section 924(c) can no longer be satisfied by conspiracy.  *See Simms,* 914 F.3d 229, 233-34 (4th Cir. 2019) (holding that after *Dimaya*, conspiracy is no longer a § 924(c) "crime of violence").

---

[17] *See Leocal v. Ashcroft*, 543 U.S. 1, 7 n.4 (2004) ("a number of statutes criminalize conduct that has an element the commission of a crime of violence under § 16" – for example, *see* 18 U.S.C. §842(p) (prohibiting distribution of information relating to explosives, destructive devices and weapons of mass destruction in relation to a "crime of violence");18 U.S.C. § 1959 (prohibiting threats to commit crimes of violence in aid of racketeering activity)).

[18] Although the issue in *Dimaya* was an immigration statute that incorporated the § 16 "crime of violence" definition, the Court made clear that "§ 16(b) is a criminal statute, with criminal sentencing consequences" and "we must interpret the statute consistently, whether we encounter its application in a criminal or noncriminal context." *Dimaya,* 138 at 1217 (quoting *Leocal,* 543 U.S. 1, 12 n.8 (2004))

14

A decision is also "substantive" if it "alters . . . the class of persons that the law punishes." *Welch v. United States,* __ U.S.__, 136 S. Ct. 1257, 1265 (2016). In *Welch*, for example, the Supreme Court found that *Johnson* was retroactive because it altered the punishment for those people who had been subject to the ACCA but, after the excision of its residual clause, could no longer be classified as armed career criminals. This reasoning applies with even more force here. *Dimaya* not only alters sentences, but also places a class of people outside of the reach of Section 924(c) liability for predicate offenses that fell solely within its now-defunct residual clause. Therefore, *Dimaya* is substantive, and in turn, retroactive.

### D. The Supreme Court has "made" *Dimaya* retroactive to cases on collateral review.

Finally, the Supreme Court has "made" *Dimaya* retroactive for purposes of 28 U.S.C. § 2255(h)(2) "with the right combination of holdings[.]" *Tyler v. Cain,* 533 U.S. 656, 666 (2001). As Justice O'Connor explained in her controlling opinion in *Tyler*, the Court can make a rule retroactive "through multiple holdings that logically dictate the retroactivity of the new rule." *Id.* at 668 (O'Connor, J., concurring); see also *ibid* at 669. It is "relatively easy to demonstrate the required logical relationship with respect" to substantive rules; when the Court holds that substantive rules are retroactive in Case One and announces a substantive rule in Case Two, "it necessarily follows that [the Supreme] Court has 'made' that new

15

rule retroactive to cases on collateral review." *Id.*; *see also id.* at 672-73 ("If Case One holds that all men are mortal and Case Two holds that Socrates is a man, we do not need Case Three to hold that Socrates is mortal.") (Breyer, J., dissenting, joined by Stevens, Souter & Ginsburg, JJ.).

As discussed *supra*, the Court has held in several cases that "substantive" rules which narrow the reach of a statute or alter the class of persons punishable under the law are retroactive. *Welch*, 136 S. Ct. at 1265; *Summerlin*, 542 U.S. at 351; *Bousley*, 523 U.S. at 620; *Teague*, 489 U.S. at 316. As *Dimaya* announced exactly such a substantive rule. The Supreme Court has thus "made" *Dimaya* retroactive "through multiple holdings that logically dictate the retroactivity of the new rule," *Tyler,* 533 U.S. at 668 (O'Connor, J., concurring). *See Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) ("[I]n deciding that the residual clause is unconstitutionally vague, the Supreme Court prohibited 'a certain category of punishment for a class of defendants because of their status,'" and thus "the Court itself has made *Johnson* categorically retroactive to cases on collateral review.") (quoting *Saffle v. Parks*, 494 U.S. 484, 494 (1990)); *In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015) ("Because *Johnson* prohibits the imposition of an increased sentence on those defendants whose status as armed career criminals is dependent on offenses that fall within the residual clause, . . . the [Supreme] Court itself has

16

made *Johnson* categorically retroactive to cases on collateral review") (citation omitted).

## CONCLUSION

Mr. Tipton has made the *prima facie* showing required under 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court." WHEREFORE, he respectfully requests that his application be granted and that he be authorized forthwith to file in the United States District Court for the Eastern District of Virginia the attached successive motion pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

*/s/ Gerald W. King, Jr.*

Gerald W. King, Jr.
Ga. Bar No. 140981
Jeffrey Lyn Ertel
Ga. Bar No. 249966
FEDERAL DEFENDER PROGRAM, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
404-688-7530
(fax) 404-688-0768
Gerald_King@fd.org
Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Counsel for Richard Tipton, III.

## CERTIFICATE OF SERVICE AND COMPLIANCE

This brief contains 3,719 words, excluding the parts of the brief exempted from the word count by Local Rule 27(d)(2) and Rule 32(f). This brief complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5).

The undersigned certifies that on this 17th day of April, 2019, a copy of the foregoing Application for Authorization to File a Successive Motion Under 28 U.S.C. § 2255 was served via the CM/ECF electronic filing system and first-class mail upon:

> G. Zachary Terwilliger    (zachary.terwillinger@usdoj.gov)
> Richard Daniel Cooke     (richard.cooke@usdoj.gov)
> Office of the United States Attorney
> Eastern District of Virginia
> Suite 1900
> 919 East Main Street
> Richmond, VA 23219-2447

*/s/ Gerald W. King, Jr.*
  Gerald W. King, Jr.
  Ga. Bar No. 140981
  FEDERAL DEFENDER PROGRAM,
  INC.
  101 Marietta Street, Suite 1500
  Atlanta, Georgia 30303
  404-688-7530
  (fax) 404-688-0768
  Gerald_King@fd.org