# Attachment A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD TIPTON, III, | ) | |
| | ) | Criminal Case No. 92CR68 |
| Movant, | ) | Prior Civil Case No. 98CV361 |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO VACATE CONVICTIONS UNDER 28 U.S.C. § 2255

Movant Richard Tipton, III, by and through his undersigned counsel, hereby files this motion pursuant to 28 U.S.C. § 2255 to set aside his underlying convictions under 18 U.S.C. § 924(c). As explained below, Mr. Tipton's convictions and sentences on counts 20 and 26 must be vacated in light of the Supreme Court's recent decision in *Sessions v. Dimaya,* __ U.S. __,138 S. Ct. 1204 (2018), the Fourth Circuit's decision in *United States v. Simms,* 914 F.3d 229 (4th Cir. 2019) (*en banc*). Further, the vacatur of those convictions requires Mr. Tipton's resentencing by a jury whose assessment of his culpability was not influenced by its consideration of these unconstitutional offenses.

### INTRODUCTION

On February 3, 1993, Mr. Tipton was convicted of, *inter alia*, two counts of using a firearm in relation to a "crime of violence" in violation of 18 U.S.C. §

924(c) (Counts 20 and 26).  Section 924(c) includes two alternative clauses defining "crime of violence." The first, § 924(c)(3)(A), is commonly referred to as the "force" or "elements" clause and applies to any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  The second, § 924(c)(3)(B), is commonly referred to as the "residual" clause and applies to any felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Post-*Dimaya*, however, Mr. Tipton's predicate offenses cannot constitute "crimes of violence" within the constitutionally valid construction of Section 924(c).  *Dimaya* held that the residual clause of the federal criminal code's definition of a "crime of violence," as codified in Section 16(b) of Title 18, is void for vagueness and violates the Due Process Clause of the Fourteenth Amendment. *Dimaya*, 138 S. Ct. at 1223.  In *United States v. Simms,* moreover, the *en banc* Fourth Circuit concluded, per *Dimaya*, that the residual clause defining "crime of violence" under Section 924(c)(3)(B) is *also* void for vagueness, as it is identical to Section 16(b) and imposes the same "categorical approach" and "ordinary case" inquiry that the Supreme Court rejected therein. 914 F.3d 229 (4th Cir. 2019) (*en banc*).

Accordingly, Section 924(c)'s residual clause is itself unconstitutional and

2

cannot serve as a vehicle to render Mr. Tipton's predicate offenses "crimes of violence."[1]  Furthermore, his predicate offenses do not categorically qualify as "crimes of violence" under the remaining force or elements clause, as 1) they do not have as a required element the use, attempted use, or threatened use of violent physical force; and 2) they can be accomplished without the defendant's intentional use, attempted use, or threatened use of the same.  Indeed, *Simms* held (and the government conceded) that conspiracy offenses categorically fail to qualify as "crimes of violence" under the force clause.  914 F.3d at 233-34.

As Section 924(c)'s residual clause is void and its force clause is unsatisfied, Mr. Tipton's convictions and sentences: (1) violate due process; (2) violate the laws of the United States and result in a fundamental miscarriage of justice; and (3) were entered in excess of the district court's jurisdiction.  Further, Mr. Tipton is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Dimaya* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).  Finally, Mr. Tipton's sentences of death must be set aside, as his jury's deliberations were infected by its consideration of these unconstitutional Section 924(c) convictions.

---

[1] See Part I, *infra*.

3

Accordingly, Mr. Tipton respectfully asks this Court to grant his § 2255 motion, vacate his § 924(c) conviction and his death sentence under § 924(j), and order that he be resentenced by a jury on all counts for which a sentence of death could be imposed. In support of this motion, Mr. Tipton shows as follows:

## STATEMENT OF RELEVANT FACTS

### A.     Conviction and Sentencing.

On February 3, 1993, Mr. Tipton was convicted of the following crimes: conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846[2]; engaging in a CCE in violation of 21 U.S.C. § 848(a)[3]; six counts of murder "while engaged in and working in furtherance of" a CCE in violation of 21 U.S.C. § 848(e)[4]; six counts of murder "to maintain or increase position in racketeering enterprise" in violation of 18 U.S.C. § 1959[5]; two counts of maiming "to maintain or increase position in racketeering enterprise" in violation of 18 U.S.C. § 1959[6]; two counts of possession of cocaine base with intent to distribute

---

[2] Count 1.

[3] Count 2.

[4] Counts 3, 17, 18, 19, 24, and 25.

[5] Counts 4, 21, 22, 23, 27, and 28.

[6] Counts 29 and 30.

4

in violation of 21 U.S.C. § 841(a)(1)[7]; and, most relevant to this motion, two counts of using a firearm in relation to a crime of violence in violation of 21 U.S.C. § 924(c)[8].

Specifically, with respect to Section 924(c), the Second Superseding Indictment cited the following counts as the predicate "crimes of violence": conspiracy, as charged in Count 1; killings in furtherance of a CCE, as charged in Counts 17-19 and 24-25; murders to maintain or increase position in a racketeering enterprise, as charged in Counts 22-23 and 27-28; and maiming to maintain or increase position in a racketeering enterprise, as charged in Counts 29-30. *See* Exhibit 1. During its guilt phase instructions with respect to the § 924(c) offenses, however, the Court made *no reference* to the predicate offenses cited in the Second Superseding Indictment. Rather, the Court simply *read* the text of § 924(c)(1) to the jury, followed by a nearly verbatim reading of Section 924(c) "force" and "residual" clauses. Tr. 3222. Additionally, during the guilt-phase sentencing instructions, the Court repeatedly directed the jury to refer to Mr. Tipton's verdict form to aid the jury in rendering its verdict on each count of the indictment. See Tr. 3216 ("The verdict forms which will be provided to you by the Court, and

---

[7] Counts 32 and 33.

[8] Counts 20 and 26.

5

which I will discuss in more detail in a few minutes, will list the specific charges in the indictment which you must consider with respect to each of these defendants"); Tr. 3219 ("Again, I emphasize that in your deliberations you must give individual consideration to each defendant with respect to each count charged against that defendant. The verdict forms, as I mentioned, will assist you in this respect."); Tr. 3221-3222 ("The verdict form will assist you in keeping track of which defendants are charged in which counts and in giving individual consideration to each defendant for each count against him or her").

At the conclusion of the penalty phase, the jury recommended death sentences for three killings in furtherance of a CCE (Counts 3, 24 and 25). The jury also recommended sentences of life for three murders in furtherance of a CCE for which the prosecution had sought the death penalty. As noted *supra*, the Court sentenced Mr. Tipton in accord with the jury's recommendation.

**B.    Direct Appeal.**

Mr. Tipton timely appealed to the United States Court of Appeals for the Fourth Circuit, which consolidated his appeal with those of his co-defendants, James Roane and Cory Johnson. On July 8, 1996, the Fourth Circuit affirmed Mr. Tipton's convictions and sentences. *United States v. Tipton*, 90 F.3d 861 (4th Cir.

1996).[9] The Supreme Court of the United States denied certiorari on June 2, 1997. *Tipton v. U.S.*, 520 U.S. 1253 (1997).

### C.    Previous § 2255 Motion.

Following the denial of certiorari, Mr. Tipton timely filed a motion for collateral relief under 28 U.S.C. § 2255.[10] His motion asserted: (1) that the prosecution unconstitutionally discriminated against women in the jury selection process; (2) numerous challenges to the CCE convictions, including but limited to, the trial court's jury instructions and related ineffective of counsel claims; (3) numerous claims of prosecutorial misconduct; and (4) that trial counsel was ineffective in numerous respects apart from the CCE. This Court denied relief. *United States v. Tipton,* No. 3:92CR68 (E.D.Va. Nov. 26, 2003).

The Fourth Circuit affirmed the denial of relief. *Roane v. United States*, 378 F.3d 382 (4th Cir. 2004). The Supreme Court of the United States denied certiorari. *Tipton v. United States*, 546 U.S. 810 (2005).

---

[9] The Fourth Circuit vacated Tipton's conviction for conspiracy under 21 U.S.C. § 846 on the ground that this was a lesser-included offense of his conviction under 21 U.S.C. § 848. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996).

[10] Mr. Tipton's initial § 2255 motion was docketed under case number 98CV361.

**D.      Successive Petition Pursuant to *Johnson.***

On June 26, 2015, the Supreme Court held in *Johnson v. United States* that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, as "the indeterminacy of the wide-ranging inquiry [it] require[s] . . . both denies fair notice and invites arbitrary enforcement by judges" so that "[i]ncreasing a defendant's sentence under the clause denies due process of law" in violation of the Fifth Amendment.  135 S. Ct. 2551, 2557 (2015) (overruling *Sykes v. United States,* 131 S. Ct. 2267 (2011), and *James v. United States,* 550 U.S. 192 (2007)).   The Court subsequently found *Johnson*'s rule substantive and applicable retroactively to cases on collateral review. *Welch v. United States,* 136 S. Ct. 1257, 1265 (2016).

On May 20, 2016, Mr. Tipton moved the Fourth Circuit for authorization to file a successive § 2255 motion challenging his Section 924(c) convictions and sentences based upon *Johnson*.  (D.1, *In re: Tipton*, No. 16-7.)  The Fourth Circuit denied that motion on June 6, 2016. (D.13, No. 16-7.)

**E.      *Dimaya***

On April 17, 2018, the Supreme Court held in *Dimaya* that the residual clause of the federal criminal code's definition of a "crime of violence," as codified in Section 16(b) of Title 18, is void for vagueness and violates the Due Process Clause of the Fourteenth Amendment.  138 S. Ct. at 1223.  In *Simms*, the

8

*en banc* Fourth Circuit concluded, per *Dimaya*, that the residual clause defining "crime of violence" under Section 924(c)(3)(B) is *also* void for vagueness, as it is identical to Section 16(b) and imposes the same "categorical approach" and "ordinary case" inquiry that the Supreme Court rejected. 914 F.3d 229.[11]

This motion for relief pursuant to Section 2255 follows.

## ARGUMENT

**I.     In light of *Dimaya,* Mr. Tipton's § 924(c) convictions cannot be sustained because their incorporated offenses do not qualify as "crime[s] of violence."**

Mr. Tipton's convictions for using or carrying a firearm during and in relation to a "crime of violence" are void because their predicate offenses cannot as a matter of law qualify as "crime[s] of violence" for purposes of § 924(c). As none of these predicate offenses meet the definition of the "force" clause, and as the residual clause can no longer provide a catch-all for such offenses, Mr. Tipton's Section 924(c) convictions are no longer valid federal crimes. Their vacatur,

---

[11] Three other circuits have reached the same conclusion post-*Dimaya*. *See United States v. Davis*, 903 F.3d 483, 495-86 (5th Cir. 2018) (per curiam), *cert. granted*, __ U.S.__, __ S. Ct. __, 2019 WL 98544 (U.S. Jan. 4, 2019) (No. 18-431); *United States v. Eshetu,* 898 F.3d 36, 37 (D.C. Cir. 2018) (per curiam); *United States v. Salas,* 889 F.3d 681, 684, 684-86 (10th Cir. 2018). *See also United States v. Cardena,* 842 F.3d 959, 996 (7th Cir. 2016) (holding § 924(c)(3)(B) void under *Johnson*).

moreover, entitles Mr. Tipton to a resentencing free from their impermissible influence upon his jury.

### A. As Section 924(c)'s residual clause is materially identical to that of Section 16(b), it is unconstitutionally void for vagueness.

As *Simms* recognized, Section 924(c)'s residual clause is "materially identical" to the residual clauses that the Supreme Court deemed unconstitutionally vague in *Dimaya*, 135 S. Ct. at 2557, and *Johnson*, 135 S.Ct. 2551; accordingly, it, too, is "unconstitutionally vague." *Simms*, 914 F.3d at 236.

As Justice Kagan explained in *Dimaya*, "[t]he prohibition of vagueness in criminal statutes is an essential of due process, required by both ordinary notions of fair play and the settled rules of law." 138 S.Ct. at 1212 (Kagan, J., plurality opinion) (internal citations omitted) (quoting *Johnson*, 135 S.Ct. at 2557). "Like the statutes examined in *Johnson* and *Dimaya*," however, Section 924(c)'s residual clause "requires a court to imagine the idealized ordinary case of a crime while providing no guidance on how to do so, rendering any judicial account of the ordinary case wholly speculative." *Simms*, 914 F.3d at 236. Then, "[a]fter conceiving of this judicial abstraction, a court must . . . assess its speculation using the same vague standard of 'substantial risk' required by Section 16(b), and which the Supreme Court rejected in *Dimaya*." *Id.* (citing 138 S.Ct. at 1214). Consequently, the "conjectural exercise" required by Section 924(c) residual

10

clause "suffers from the same two fundamental flaws that, in combination, rendered the statutory provisions in *Johnson* and *Dimaya* void for vagueness." *Id.* Three other circuits have joined the Fourth in this conclusion. *United States v. Davis*, 903 F.3d 483, 495-86 (5th Cir. 2018) (per curiam), *cert. granted*, __ U.S.__, __ S. Ct. __, 2019 WL 98544 (U.S. Jan. 4, 2019) (No. 18-431); *United States v. Eshetu,* 898 F.3d 36, 37 (D.C. Cir. 2018) (per curiam); *United States v. Salas,* 889 F.3d 681, 684, 684-86 (10th Cir. 2018); *see also United States v. Cardena,* 842 F.3d 959, 996 (7th Cir. 2016) (holding § 924(c)(3)(B) void, relying on *Johnson*).

To evaluate whether any of Mr. Tipton's predicate offenses satisfies the "crime of violence" element of a Section 924(c) violation, a court must assess whether the ordinary case of case of that offense "involves a substantial risk [of] physical force." 18 U.S.C. § 924(c)(3)(B). But nothing in Section 924(c) "helps courts to perform that task, just as nothing in [the] ACCA" or Section 16(b) did. *Dimaya*, 138 S.Ct. at 1215; *Simms*, 914 F.3d at 237 (Section 924(c) "provides no guidance for this abstract inquiry" (internal citations omitted)). As a result, when "'divining the conduct entailed in a crime's ordinary case,' the court must utilize some as-yet-unspecified method—'Surveys? Experts? Google? Gut instinct?'" *Simms*, 914 F.3d at 237 (quoting *Dimaya*, 138 S.Ct. at 1215). "[T]he questions have no good answers; the 'ordinary case' remains, as *Johnson* described it, an

11

excessively 'speculative,' essentially inscrutable thing." *Dimaya*, 138 S.Ct. at 1215 (quoting *Johnson*, 135 S.Ct. at 2557).

In sum, *Dimaya* and *Johnson* stand for the proposition that any statute that requires courts to assess "both an ordinary-case requirement and an ill-defined risk threshold" is unconstitutional. *Dimaya*, 138 S.Ct. at 1223; see also *Johnson*, 135 S.Ct. at 2557–60. As the Fourth Circuit has concluded, because Section 924(c)'s residual clause "effectively requires judges to define the scope of criminal liability, and it directs them to do so using an unmoored, subjective abstraction that deprives the public of fair notice . . . a 'straightforward application' of controlling precedent . . . requires us to strike it down." *Simms*, 914 F.3d. at 237 (citing *Dimaya*, 138 S.Ct. at 1213). "*Any* conviction involving § 924(c)(3)(B)," the Circuit held, "is subject to the same 'guesswork,' 'intuition,' 'arbitrary enforcement,' and lack of 'fair notice' that plagued both § 16(b) and the ACCA residual clause." *Id.* (quoting *Dimaya*, 138 S.Ct. at 1223). "Because this 'produces more unpredictability and arbitrariness than the Due Process Clause tolerates . . . ,' § 924(c)(3)(B) is unconstitutionally vague." *Id.* (quoting *Johnson*, 135 S.Ct. at 2558).

As discussed below, Mr. Tipton's convictions under Section 924(c) cannot categorically satisfy the force or elements clause. Accordingly, as they qualify as crimes of violence only pursuant to Section 924(c)'s unconstitutional residual clause, they must be overturned. In rejecting the ACCA's residual clause,

12

moreover, the Supreme Court held that "[i]nvoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process." *Johnson,* 135 S. Ct. at 2560.  Likewise, due process cannot tolerate condemning a person to death based upon § 924(c)'s equally shapeless residual clause.

    **B.**    **Mr. Tipton's predicate offenses fail to qualify categorically as "crime[s] of violence" under the force clause of section 924(c)**

        **1.**    **The categorical approach applies to determining whether an offense qualifies as a "crime of violence" under the force clause.**

In determining whether an offense qualifies as a "crime of violence" under the force clause of § 924(c), courts must employ the "categorical" approach. *See Descamps v. United States,* 133 S. Ct. 2276, 2283 (2013). This approach requires the court to "look to whether the statutory elements of the offense *necessarily require* the use, attempted use, or threatened use of physical force.  *Simms*, 914 F.3d at 233 (citing *Leocal v. Ashcroft*, 543 U.S. 1, 7–10 (2004) (interpreting materially identical text in 18 U.S.C. § 16(a)).  The courts must "look *only* to [these] statutory definitions . . . of a defendant's [offense] and *not* to the particular facts underlying [the offense]." *Id* (emphases added)*; see also United States v. McNeal*, 818 F.3d 141, 151–52 (4th Cir. 2016) (interpreting Section 924(c)(3)(A)).

13

In addition, an offense can only qualify as a "crime of violence" under the categorical approach if *all* of the criminal conduct covered by a statute, including the least culpable conduct, matches or is narrower than the definition of "crime of violence." *See, e.g., United States v. Torres-Miguel,* 701 F.3d 165, 167 (4th Cir. 2012) (abrogated on other grounds by *United States v. Castleman,* —— U.S. ——, 134 S.Ct. 1405 (2014); *see also United States v. Torres-Villalobos,* 487 F.3d 607, 616 (8th Cir. 2007). "When a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence under the force clause. *Simms*, 914 F.3d at 233.

Given this, an offense will qualify as a "crime of violence" under the force clause of § 924(c) only if it has *as an element* the use, attempted use, or threatened use of "physical force" against another person. 18 U.S.C. § 924(c)(3)(A). "Physical force," in turn, has two requirements. First, "physical force" must involve *violent* force – that is, "strong physical force," which is "capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010). Second, the use of such force "must be intentional, not just reckless or negligent." *United States v. Dixon,* 805 F.3d 1193, 1197 (9th Cir. 2015); *see also Leocal v. Ashcroft,* 543 U.S. 1, 12-13 (2004). It is not enough, however, that the statute includes merely *some* requirement of specific intent, such as to deprive a person of property, or to cause injury. To qualify as a crime of violence under the force

14

clause, the statute must incorporate the intent *to use strong physical force* as a required element.

To illustrate this principle in *Torres-Miguel*, the Fourth Circuit cited the Second Circuit's decision in *Chrzanoski v. Ashcroft.* 701 F.3d at 167 (citing 327 F.3d 188, 194 (2nd Cir. 2003)). That case held that a Connecticut conviction for third-degree assault could not qualify as a "crime of violence" under the force clause because, while the statute "required the state to prove that the defendant had intentionally caused physical injury," it required only *causation* of an injury and failed to require the use or threatened use of physical force. *Chrzanoski,* 327 F.3d at 194. "An individual could be convicted of intentional assault in the third degree for an injury caused not by physical force, but by guile, deception, or even deliberate omission," the Second Circuit held, noting that it could conceive of "numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient," or someone who causes physical impairment by putting a tranquilizer in the victim's drink. *Id.* at 195.

The Tenth Circuit echoed this reasoning in *United States v. Perez-Vargas,* 414 F.3d 1282 (10th Cir. 2005), which involved a Colorado third-degree assault statute that required proof of an act causing bodily injury by means of a deadly weapon. As the statute did not necessarily include the use or threatened use of

15

USCA4 Appeal: 19-2    Doc: 2-2    Filed: 04/17/2019    Pg: 17 of 30

physical force, however, the Tenth Circuit found that it did not define a crime of violence under the force clause. *Id.* at 1287. The Circuit also provided examples of third-degree assault that would not use or threaten the use of physical force, such as intentionally placing a barrier in front of a car, causing an accident, or intentionally exposing someone to hazardous chemicals. *Id.* at 1286.  The reasoning of these cases and *Torres-Miguel* applies with equal force to Mr. Tipton's predicate offenses.

### 2. Conspiracy can never qualify as a "crime of violence" under the force clause.

Mr. Tipton's argument for relief is strengthened by the additional uncertainty created by the reliance of both of his Section 924(c) convictions upon a predicate offense—conspiracy— that, per the *en banc* Fourth Circuit, categorically fails to qualify as a "crime[] of violence." *Simms*, 914 F.3d at 233-34.  As the Fourth Circuit held, conspiracy requires the government to "prove only that the defendant agreed with another to commit actions, which if realized would violate [the object of the conspiracy].  Such an agreement does not invariably require the actual, attempted, or threatened use of physical force." *Id.*  Accordingly, it cannot satisfy Section 924(c)'s force clause.  The instructions given by Mr. Tipton's trial court underscore this point, as they informed his jury that the only two elements needed to convict a defendant of conspiracy were "that two or more persons in

16

some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common and unlawful plan as charged in the indictment . . . . [and] that the defendant knowingly and willfully became a member of such a conspiracy." T. 3201. Elements of such vagueness and breadth would allow a defendant to be found guilty of conspiracy for an incredibly wide spectrum of conduct *and* culpability. It is accordingly impossible to discern precisely what degree of responsibility the jury ultimately assigned to Mr. Tipton—an uncertainty that undermines the reliability of his sentences to a degree that the Constitution cannot abide.

### 3. Murder or maiming to maintain or increase position in a racketeering enterprise does not qualify categorically as a "crime of violence" under the force clause.

Similarly, Mr. Tipton's convictions for both murder and maiming to maintain or increase position in a racketeering enterprise cannot sustain his Section 924(c) convictions. Again, if the "most innocent conduct" or "full range of conduct" encompassed in the statutory elements of the predicate offense do not require the intentional use of "strong physical force," *Johnson,* 559 U.S. at 140, it cannot categorically qualify as a "crime of violence." *Torres-Miguel*, *supra*. Although murder requires physical *injury*, its statutory elements do *not* require strong physical force. The federal murder statute, which serves as the relevant definition for Mr. Tipton's predicate offenses of murder to maintain or increase

17

position in a racketeering enterprise, acknowledges as much; it makes specific reference to poisoning. 18 U.S.C. § 1111(a).  Maiming to maintain or increase position in a racketeering enterprise is similarly disqualified, as its elements can be met by causing injury through means that do not require the use of violent physical force.

Moreover, Mr. Tipton's trial court, when "explain[ing] and defin[ing]" for the jury "the meaning of certain terms found in the statute and within these instructions relating to the elements of the 1959 murders referred to as violent crimes in aid of racketeering activity," did nothing to clarify this vagueness.  T. 3223.  Instead, it merely read from the text of Section 924(c), including its unconstitutionally vague residual clause.  *Id.*[12]  Further, despite the trial court's repeated admonition to the jury to rely upon Mr. Tipton's verdict form to "assist" them in their deliberations, T. 3219-22, that form (attached as Exhibit 2) required no specific findings from the jury as to either the predicate offenses or the Section 924(c) offenses save that Mr. Tipton was "Guilty or Not Guilty."  *See, e.g.,* Exhibit 2 at 1 (Count 1; directing jury to write "Guilty or Not Guilty" as to

_____

[12] "The term 'crime of violence' means  an offense that is a felony and has as one of its essential elements the use, the attempted use, or threatened use of physical force against the person or property of another, or an offense that by its very nature involves a substantial risk that such physical force may be used in committing the offense."

18

"Conspiracy to Distribute Controlled Substance"); 4 and 6 (Counts 17-19, 24-25; directing jury to write "Guilty or Not Guilty" as to "Killing of [Victim] while Engaged In or Working in Furtherance of a Continuing Criminal Enterprise");  5-6 (Counts 21-23, 27-28; directing jury to write "Guilty or Not Guilty" as to "Killing of [Victim] to Maintain or Increase Position in Racketeering Enterprise"); and 7 (Counts 29-30; "Maiming of [Victim] to Maintain or Increase Position in Racketeering Enterprise").

### 4.   Murder in furtherance of a CCE does not qualify categorically as a "crime of violence" under the force clause.

The statutory definition of Mr. Tipton's predicate offenses of murder in furtherance of a CCE introduces an even broader range of potential responsibility and culpability, as it allows the conviction of anyone who "intentionally kills *or counsels, commands, induces, procures, or causes* the intentional killing of an individual . . . ."  21 U.S.C. § 848(e)(1)(a) (emphasis added).   This language authorized Mr. Tipton's jury to convict him of these offenses had he had merely *counseled* a killing—a variation in culpability that further questions the soundness of his sentences of death, now that they are no longer buttressed by his unconstitutional Section 924(c) convictions.

19

### 5.    Conclusion

As "the full range of conduct" that constitutes conspiracy, murder and maiming does not require "violent force," those offenses cannot categorically qualify as "crime[s] of violence" under § 924(c)(3)'s force clause. *See Torres-Miguel,* 701 F.3d at 171. Even if the possibility of committing murder or maiming without the use or threat of violent force is slim, the existence of that possibility means that, as a matter of law, this Court cannot find that these crimes are "crime[s] of violence."  Accordingly, as Mr. Tipton's convictions pursuant to Section 924(c) cannot stand under either of its clauses, they must be vacated.

**II.    Mr. Tipton is entitled to relief under 28 U.S.C. § 2255 because his claim under *Dimaya* is cognizable, timely, and satisfies the successive petition requirements of § 2255(h)(2).**

**A.    Mr. Tipton's claim is cognizable under § 2255(a).**

A federal prisoner may obtain relief under 28 U.S.C. § 2255(a) if his conviction "was imposed in violation of the Constitution or laws of the United States," or is in excess of this Court's jurisdiction. Mr. Tipton's convictions violate the Due Process Clause of the Fifth Amendment, violate federal law, and exceed this Court's jurisdiction. This Court therefore should grant him relief under § 2255(a).

For all the reasons detailed above, Mr. Tipton's convictions pursuant to Section 924(c) violate due process, as their predicate offenses cannot categorically

20

satisfy its force clause and, thus, could be counted only pursuant to its unconstitutionally-vague residual clause. Mr. Tipton's indictment therefore failed to state an offense under § 924(c). Given this infirmity, his convictions violate the laws of the United States. This is precisely the type of error that is cognizable under § 2255(a). *See Davis v. United States,* 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255").

Mr. Tipton's convictions exceed this Court's jurisdiction because his indictment not only failed to state a § 924(c) offense, but also alleged conduct that is outside the reach of that statute. These convictions are legal nullities entered in excess of this Court's jurisdiction, and they must be vacated. *See United States v. Brown,* 752 F.3d 1344, 1347 (11th Cir. 2014) (a jurisdictional defect exists "when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute"); *United States v. Barboa,* 777 F.3d 1420, 1423 n.3 (10th Cir. 1985).

**B.    Mr. Tipton's motion for relief is timely.**

Section 2255(f) requires that § 2255 motions be filed within a one-year limitations period. That period runs from the latest applicable triggering event. 28

21

U.S.C. § 2255(f). Among these triggers is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.,* § 2255(f)(3).

The Supreme Court decided *Dimaya* on April 17, 2018. Mr. Tipton has filed his application for leave to file this motion within one year of that date. This motion is timely filed.[13]

## III. Mr. Tipton's invalid § 924(c) convictions also invalidate his death sentence.

As noted *supra*, Mr. Tipton was sentenced to death for three murders committed in furtherance of a continuing criminal enterprise—each of which served as predicate offenses for his convictions under Section 924(c). Mr. Tipton

---

[13] Section 2255(h)(2) imposes a gatekeeping restriction on second or successive motions. Before filing such a motion, the petitioner must obtain permission to do so from the appropriate circuit court of appeals. See 28 U.S.C. § 2255(h)(2). The court of appeals must certify that the successive motion contains a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.; see also* 28 U.S.C. § 2244(b)(3)(C).

Mr. Tipton has appended this successive § 2255 motion to his application to the Fourth Circuit for permission to file it. Per the Circuit's practice, if it concludes that he has made a *prima facie* showing that he satisfies § 2255(h)(2), it will issue his certification and direct the clerk of this Court to file his petition. Accordingly, if this petition is before the Court, Mr. Tipton has obtained permission to file it.

22

respectfully submits that the invalidation of his § 924(c) convictions requires that his death sentences also be set aside.

When a defendant who has been convicted and sentenced on multiple charged offenses has one conviction subsequently invalidated, he must be resentenced on the valid conviction "unless it can be ascertained from the record that a trial court's sentence on a valid conviction was *not* affected" by the invalid offense. *Bourgeois v. Whitley,* 784 F.2d 718, 721 (5th Cir. 1986). The Eighth Circuit has explained that "the critical issue" in this inquiry "is whether the sentence imposed [on the valid count] might have been different if the sentencing judge had known at the time of the sentencing that . . . conviction [on another count] was invalid." *James v. United States,* 476 F.2d 936, 937 (8th Cir. 1973) (per curiam) (*quoted in United States v. Starr,* 503 F. App'x 517, 518 (8th Cir. 2015) (per curiam)).

This principle applies with even greater force in a capital case such as this. As the Supreme Court has explained,  "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special need for reliability in the determination that death is the appropriate punishment in any capital case." *Johnson v. Mississippi,* 486 U.S. 576, 584 (1988) (citations and internal quotations omitted).  The record in Mr. Tipton's case, however, shows at least a reasonable likelihood that the

inclusion of the unconstitutional § 924(c) count influenced the jury's decision to sentence him to death. The addition of the Section 924(c) offenses to Mr. Tipton's case not only directed his jury to consider his participation in their predicate offenses, but further indicated that these offenses were so egregious that they merited designation as an additional and separate slate of federal felonies. Particularly given the requirement of heightened reliability in capital sentencing, this compounding of the jury's exposure to these invalid counts infringed upon his Eighth Amendment rights.

*Johnson* provides an instructive analogy. *Johnson* held that when a prior conviction used as aggravating evidence in support of a death sentence has subsequently been overturned, the defendant's death sentence violates the Eighth Amendment. Because the petitioner's prior conviction in *Johnson* was invalid, the Supreme Court deemed it "apparent that the [prior] conviction provided no legitimate support for the death sentence imposed on petitioner." *Id.* at 585. Equally apparent, the Court said, was "that the use of that conviction in the sentencing hearing was prejudicial." *Id.* While the prosecutor had repeatedly pointed to the prior conviction in his closing argument, the Court clarified that the now-voided conviction's use as aggravation would have violated the Eighth Amendment "[e]ven *without* express argument, [as] there would be a possibility that the jury's belief the petitioner had been convicted of a prior felony would be

24

'decisive' in the 'choice between a life sentence and a death sentence.'" *Id.* (quoting *Gardner v. Florida,* 430 U.S. 349, 359 (1977)).

The same principles apply here. The unconstitutional § 924(c) convictions had a profoundly prejudicial impact on Mr. Tipton's case as a whole and undermines confidence in his death sentences.  Indeed, Mr. Tipton likely was prejudiced even before his case ever reached the jury. When the Department of Justice considered whether to authorize the death penalty against Mr. Tipton, after all, it was presented with an indictment alleging two additional Section 924(c) counts. There is a reasonable possibility that the Department's capital-case review process was skewed by the presence of the unconstitutional charges just as the jury's sentencing decision was skewed in *Johnson.*

In closing, Mr. Tipton notes that he is also entitled to resentencing by a jury, per the decision of the Supreme Court in *Hurst v. Florida,* 136 S. Ct. 616 (2016), The Court held that the Sixth Amendment requires that a jury, and not the court, determine whether a defendant should be sentenced to death. *Hurst,* 136 S. Ct. at 624. The Court's holding in this case was unequivocal: "The Sixth Amendment protects a defendant's right to an impartial jury. This right required Florida to base [the defendant's] death sentence on a jury's verdict, not a judge's factfinding." *Id.* After *Hurst,* a death sentence rendered by a court is unconstitutional, and an appellate or post-conviction court that finds non-structural error in the defendant's

25

death sentence may not engage in *post hoc* reweighing, or otherwise make its own determination about whether the defendant deserves a death sentence. Rather, it must remand for a new penalty phase before a jury. To the extent any prior Supreme Court decisions, such as *Brown v. Sanders,* 546 U.S. 212, 224-25 (2006), *Stringer v. Black,* 503 U.S. 222, 237 (1992), or *Clemons v. Mississippi,* 494 U.S. 738, 745-46 (1990), authorized such judicial refashioning of a compromised death sentence, *Hurst* necessarily overrules them.

The concerns raised in *Hurst* are particularly relevant in Mr. Tipton's case. There is no way to discern from the indictment, the jury instructions or the jury verdicts whether the jury found him guilty of the crimes connected with the CCE or in aid of racketeering as the "triggerman" or as someone who participated indirectly in the actual killings. The jury was broadly charged and the verdict forms give no indication what the jury reached unanimity on. In order for a court to now re-evaluate the factors the jury considered in sentencing him to death would require the court to draw conclusions about the jury's factfindings the court has no basis to make. This is impermissible following the constitutional concerns identified in *Hurst*.

Mr. Tipton accordingly submits that this Court should vacate his sentences in their entirety and order that he be resentenced before a jury.

26

## CONCLUSION AND PRAYER FOR RELIEF

For all the reasons set forth above, Mr. Tipton respectfully asks this Court to vacate his conviction and sentences on Counts 20 and 26 as invalid charges under 18 U.S.C. § 924(c). Mr. Tipton further requests the following relief:

a)      That this Court vacate his death sentences and remand this case for a new penalty phase trial.

b)      That this Court grant him leave to amend this motion, including by submitting a supplemental memorandum of law to support it.

c)      That this Court schedule a status conference on this motion at the Court's earliest convenience, and order that he be personally present at such conference.

d)      Any other relief that may be necessary to correct Mr. Tipton's invalid conviction and sentence.

27

Respectfully Submitted,

*/s/ Gerald W. King, Jr.*
 Gerald W. King, Jr.
 Ga. Bar No. 140981
 Jeffrey Lyn Ertel
 Ga. Bar No. 249966
 FEDERAL DEFENDER PROGRAM, INC.
 101 Marietta Street, Suite 1500
 Atlanta, Georgia 30303
 404-688-7530
 (fax) 404-688-0768
 Gerald_King@fd.org
 Jeff_Ertel@fd.org

Stephen Northup
VSB #16547
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
(804) 697-1240
(fax) (804) 698-5120
steve.northup@troutmansanders.com

Frederick R. Gerson
VSB #39968
Bank Of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
fgerson@dagglaw.com

Counsel for Richard Tipton, III.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 17th day of April, 2019, a copy of the

foregoing Application for Authorization to File a Successive Motion Under 28

U.S.C. § 2255 was served via the CM/ECF electronic filing system and first-class

mail upon:

> G. Zachary Terwilliger    (zachary.terwillinger@usdoj.gov)
> Richard Daniel Cooke     (richard.cooke@usdoj.gov)
> Office of the United States Attorney
> Eastern District of Virginia
> Suite 1900
> 919 East Main Street
> Richmond, VA 23219-2447

*/s/ Gerald W. King, Jr.*
 Gerald W. King, Jr.
 Ga. Bar No. 140981
 FEDERAL DEFENDER PROGRAM,
 INC.
 101 Marietta Street, Suite 1500
 Atlanta, Georgia 30303
 404-688-7530
 (fax) 404-688-0768
 Gerald_King@fd.org

29