# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

1100 East Main Street, Suite 501, Richmond, Virginia 23219

www.ca4.uscourts.gov

April 17, 2019

_____

No. 19-2
(3:92-cr-00068-JRS-1)

_____

In re: RICHARD TIPTON, a/k/a Whittey

Movant

_____

DOCKETING NOTICE--2244 MOTION

_____

This case has been placed on the court's docket under the above-referenced number, which should be used on papers subsequently filed in this court. If the court requires a response to the motion, it will direct the filing of a response within no more than **7 days**. See Local Rule 22(d).

Counsel filing on behalf of a party must file an **Appearance of Counsel** form. Court forms are available as links from this notice and at the court's web site, www.ca4.uscourts.gov.

Parties are responsible for ensuring that social security numbers, juvenile names, dates of birth, and financial account numbers are redacted from any documents filed with the court and that any sealed materials are filed in accordance with the enclosed **Memorandum on Sealed and Confidential Materials**. Attorneys are required to file electronically in the Fourth Circuit. Information on obtaining an electronic filer account is available at **www.ca4.uscourts.gov**.

Emily Borneisen, Deputy Clerk
804-916-2704

# SEALED & CONFIDENTIAL MATERIALS

**Internet Availability of Docket & Documents**

Fourth Circuit case dockets and documents are available on the Internet via the Judiciary's PACER system (Public Access to Court Electronic Records). The Fourth Circuit docket is available on the Internet even if the district court docket was sealed. If a party's name was sealed in the district court, it should be replaced by "Under Seal" or a pseudonym on appeal.

Due to the electronic availability of court documents, the federal rules prohibit including certain personal data identifiers in court filings. In addition, parties should not include any data in their filings that they would not want on the Internet. Counsel should advise their clients on this subject so that an informed decision can be made. Responsibility rests with counsel and the parties, not with the clerk.

Documents filed by the parties in immigration and social security cases are not accessible over the Internet to the public. In immigration and social security cases, public Internet access is limited to the court's docket, orders, and opinions.

**Federal Rules of Procedure**

The federal rules of procedure require filers to redact any of the following personal data identifiers (PDIs) if included in court filings: (1) social security and tax ID numbers must be limited to last four digits; (2) minor children must be identified by their initials only; (3) dates of birth must show the year only; (4) financial account numbers must be limited to the last four digits only; and (5) home addresses in criminal cases must be limited to city and state only. The federal rules establish limited exceptions to these redaction requirements. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037

**Judicial Conference Privacy Policy**

In addition, the judiciary's regulation on Privacy Policy for Electronic Case Files prohibits filers from including any of the following criminal documents in the public file: (1) unexecuted summonses or warrants; (2) bail or presentence reports; (3) statement of reasons in judgment of conviction; (4) juvenile records; (5) identifying information about jurors or potential jurors; (6) CJA financial affidavits; (7) ex parte requests to authorize CJA services and (8) any sealed documents, such as motions for downward departure for substantial assistance, plea agreements indicating cooperation, or victim statements.

**Local Rule 25(c)**

Local Rule 25(c) limits the sealing of documents by requiring that sealed record material be separated from unsealed material and placed in a sealed volume of the appendix and by requiring the filing of both sealed, highlighted versions and public, redacted versions of briefs and other documents.

Documents that were not sealed before the agency or district court will not be sealed in this court unless a motion to seal is filed and granted in this court.

Since the ECF events for sealed filings make the documents accessible only to the court, counsel must serve sealed documents on the other parties in paper form.

**Sealed Volume of Appendix**

If sealed record material needs to be included in the appendix, it must be placed in a **separate, sealed volume** of the appendix and filed with a certificate of confidentiality. In consolidated criminal cases in which presentence reports are being filed for multiple defendants, each presentence report must be placed in a separate, sealed volume served only on Government counsel and counsel for the defendant who is the subject of the report.

- Use ECF event-**SEALED APPENDIX** to file sealed electronic appendix volume(s). One sealed paper volume must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the sealed appendix must be filed, with additional copies being ordered by the court if otherwise needed. Cover of sealed appendix volume must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed volume must be served on other parties in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of the certificate of confidentiality must accompany the paper copy of the sealed appendix filed with the court.
- Use ECF event-**APPENDIX** to file public electronic appendix volumes(s). One public paper volume must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the appendix must be filed, with additional copies being ordered by the court if otherwise needed. Paper copies of public volumes of appendix do not need to be served on other parties if they were served with public appendix in electronic form.

**Sealed Version of Brief**

If sealed material needs to be referenced in a brief, counsel must file both a **sealed, highlighted version** of the brief and a **public, redacted version** of the brief, as well as a certificate of confidentiality.

- Use ECF event-**SEALED BRIEF** to file sealed electronic version of brief in which sealed material has been highlighted. One sealed paper copy must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of sealed brief must be filed, with additional copies being ordered by the court if otherwise needed. Cover of sealed brief must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed version must be served on other parties in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of certificate of confidentiality must accompany the paper copy of the sealed brief filed with the court.
- Use ECF event-**BRIEF** to file public electronic version of brief from which sealed material has been redacted. One paper copy must be sent to the court. If the case is tentatively calendared for oral argument, 3 additional paper copies of the brief must be filed, with additional copies being ordered by the court if otherwise needed. Paper copies of public brief do not need to be served on other parties.

**Sealed Version of Motions and Other Documents**

If sealed material needs to be referenced in a motion or other document, counsel must file both a **sealed, highlighted version** and a **public, redacted version**, as well as a certificate of confidentiality.

- Use ECF event-**SEALED DOCUMENT** to file sealed electronic version of document in which sealed material has been highlighted. First page of document must be marked SEALED. No paper copies need be filed, but other parties must be served in paper form.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material.
- Use the appropriate ECF event (e.g., **MOTION** or **RESPONSE/ANSWER**) to file public electronic version of document from which sealed material has been redacted. No paper copies of public document are needed for filing or service.

**Motions to Seal**

Counsel should file a motion to seal if the material was not previously sealed by virtue of the Privacy Policy for Electronic Case Files, or by statute, rule, regulation, or order. Counsel should also file a motion to seal if it is necessary to seal the entire brief or motion and not possible to create a public, redacted version.

The motion to seal must appear on the public docket for five days; therefore, counsel must file both a **sealed, highlighted version** of the motion to seal (along with a certificate of confidentiality) and a **public, redacted version** of the motion to seal. The motion to seal must identify the document or portions thereof for which sealing is requested, the reasons why sealing is necessary, the reasons a less drastic alternative will not afford adequate protection, and the period of time for which sealing is required.

For further information on redacting information from filings, please see No. 19, [How do I redact items from pleadings?](#)