IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: RICHARD TIPTON, III, | ) | |
| | ) | No. 19-2 |
| Movant | ) | |
| | ) | |

**United States' Response to Application to File Successive § 2255**

Defendant received death sentences in 1993 on six counts under 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. These six counts held defendant accountable for the murders of six people—Douglas Talley; Bobby Long; Anthony Carter; Dorothy Mae Armstrong; Curtis Thorne; and Linwood Chiles.

In addition to his six death sentences under § 848(e)(1)(A), and his convictions and sentences on other counts, defendant was also convicted of, among other offenses, two counts under § 924(c). The § 924(c) counts are consecutive to defendant's death sentences and the sentences for other counts.

Defendant now argues that the two § 924(c) counts are invalid under a constitutional vagueness theory, and from there he claims that those firearms offenses might have somehow affected his death sentence, requiring a new capital sentencing. But defendant's application for a successive § 2255 fails both on the merits and on procedural grounds.

As described below, and as the attachments to this pleading show, defendant's indictment charged (Attach. 1)—and the jury instructions provided

1

(Attach. 2)—that each of defendant's § 924(c) counts had *both* crime-of-violence *and* drug-trafficking predicates. The court instructed the jury in accordance with existing law that all of the charged predicates are crimes of violence or drug trafficking crimes. (Attach. 2) And the instructions did not classify any offense as necessarily falling under § 924(c)(3)(B). The jury then convicted defendant of every one of the predicate offenses charged in the § 924(c) counts against him— both the drug-trafficking and the crime-of-violence predicates.

The drug-trafficking predicates are not subject to constitutional vagueness challenge, which readily explains why this Court previously denied in 2016 defendant's materially indistinguishable motion that raised a constitutional vagueness challenge to his § 924(c) convictions. Moreover, and further undermining defendant's claims, after this Court denied defendant's 2016 motion, this Court held that a federal murder offense satisfies § 924(c)(3)(A), leading this Court to deny authorization for a successive § 2255 raising a constitutional vagueness challenge to a § 924(c) conviction that relied on a federal murder offense. *In re Irby*, 858 F.3d 231 (4th Cir. 2017).

Defendant loses on the merits on two independent grounds, regardless of the validity of § 924(c)(3)(B). For all of his § 924(c) convictions, he has sufficient predicate federal murder offenses falling under § 924(c)(3)(A), and he has sufficient predicates that constitute drug-trafficking crimes that satisfy § 924(c)(2).

2

But defendant also faces a procedural bar at this stage as well.  Under 28 U.S.C. § 2244(b)(1), an inmate seeking permission to file a successive habeas petition "must first make a prima facie showing that his proposed application would present a claim that was not presented in a prior application."  *In re Phillips*, 879 F.3d 542, 546 (4th Cir. 2018).  *See also In re Williams*, 330 F.3d 277, 282 (4th Cir. 2003) (defendant's "recycled" claims from previous application for successive habeas petition were barred under 28 U.S.C. § 2244(b)(1)).  Section 2244(b)(1) provides, "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

Of course, § 2244(b)(1) refers to "§ 2254 petitions," and this Court has not squarely held whether § 2244(b)(1) also controls successive § 2255 applications. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing Sixth and Seventh Circuit precedent applying § 2244(b)(1) to successive § 2255s but declining to decide issue).  But every circuit in the intervening years to address the question has applied § 2241(b)(1) to applications for successive § 2255s.  *See, e.g., In re Bourgeois*, 902 F.3d 446, 447 (5th Cir. 2018) (explaining "[e]very other circuit to take up the question agrees"); *In re Baptiste*, 828 F.3d 1337, 1339 (11th Cir. 2016) (per curiam); *Dawkins v. United States*, 829 F.3d 549, 550 (7th Cir. 2016) (per curiam); *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013) (per curiam); *Simpson v. United States*, 721 F.3d

3

875, 876 (7th Cir. 2013); *Gallagher v. United States*, 711 F.3d 315, 315 (2d Cir. 2013) (per curiam); *United States v. Card*, 220 F. App'x 847, 851 (10th Cir. 2007).

In analyzing the bar under § 2244(b)(1), there are two possible ways of viewing defendant's earlier and present application, and either way precludes him from receiving relief now. The first way of viewing the applications is that he is presenting the same claims that he did in his prior application—namely, that § 924(c)(3)(B) is unconstitutionally vague and that his § 924(c) convictions depend on § 924(c)(3)(B). Although this Court's order denying his application did not specify its reasons for denying the petition, the drug-trafficking predicates justified denying the petition, and that issue that is plainly *identical* issue now. Likewise, as just noted, defendant's arguments that his murder offenses fail to satisfy § 924(c)(3)(A) is the same except for the addition of precedent that undermines his claims. And defendant is making the same constitutional vagueness challenge to § 924(c)(3)(B).

In an apparent effort to escape the points just made, defendant seeks to offer a second way of viewing his application. He argues that, because he is now invoking a new Supreme Court opinion, *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), he is really raising a "new" challenge to § 924(c)(3)(B). But to the extent defendant can parse his claim this way, *Dimaya* did not rule on the constitutionality of § 924(c)(3)(A), an issue that is now pending before the Supreme Court in *United States v. Davis*, 139 S. Ct. 782 (2019). The pending case

4

in *Davis* demonstrates that defendant cannot now satisfy either § 2255(f)(3) or

§ 2255(h)(2), for the Supreme Court has not actually announced the right that he

claims opens the door for this successive § 2255.

In other words, either defendant has been raising the same claim all along

going back to *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which case he

cannot relitigate the claim and is out of time under § 2255(f)(3). Or he is

presenting a new claim, in which case it is at best premature because *Dimaya* did

not decide the issue he raises—the validity of § 924(c)(3)(B) and whether his

predicates satisfy § 924(c)(2) or § 924(c)(3)(A). *See, e.g., United States v. Brown*,

868 F.3d 297 (4th Cir. 2017) (requiring a new Supreme Court ruling that controls

the issue to satisfy § 2255(f)(3)), *cert. denied*, 139 S. Ct. 14 (2018).

Moreover, even if defendant could say that *Dimaya* or the still-undecided

*Davis* case creates a new rule, defendant cannot get past the point that the Supreme

Court has offered nothing new that changes his arguments that murder fails to

satisfy § 924(c)(3)(A) or that he fails to have valid drug-trafficking predicates

under § 924(c)(2). In short, there is no construction of defendant's claims that

does not run headlong into a procedural bar.

A defendant's ability to satisfy, with the requisite Supreme Court precedent,

both § 2255(f)(3) and § 2255(h)(2) may be evaluated at the prima facie stage.

Even under the prima-facie standard, this Court will not "authorize a successive

§ 2255 motion that is plainly barred as a matter of law." *In re Vassell*, 751 F3d

5

267, 271 (4th Cir. 2014) (rejecting that defendant satisfied prima facie showing for successive § 2255 when claim was barred by statute of limitations).

Defendant's core problem is that, even if he were right about the validity of § 924(c)(3)(B), *Dimaya* of course has nothing to say about either drug-trafficking predicates or § 924(c)(3)(A)—and *Davis* will not undermine any of the points showing that defendant has predicates under § 924(c)(2) and § 924(c)(3)(A). Defendant's efforts to relitigate those issues, which are decisive, in an application for a successive petition must be denied.

## I.    Background

Defendant and two codefendants were sentenced to death in 1993 after more than three weeks of trial and sentencing proceedings. His convictions and death sentences were affirmed on direct appeal. *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996), *cert. denied*, 520 U.S. 1253 (1997). And his challenges to his convictions and death sentences were also denied under § 2255. *United States v. Roane*, 378 F.3d 382 (4th Cir. 2004), *cert. denied*, 546 U.S. 810 (2005). Defendant remains today subject to valid death sentences.

Defendant's criminal conduct was exceptionally serious—even for homicide defendants. As this Court noted in defendant's direct appeal, the jury convicted him "of six of the eight capital murders with which he was charged under [21 U.S.C.] § 848(e)." *Tipton*, 90 F.3d at 869. Defendant was "also convicted of conspiracy to possess cocaine base with the intent to distribute (21 U.S.C. § 846),

engaging in a CCE (21 U.S.C. § 848(a)), eight counts of committing acts of violence (the eight killings charged under § 848(e)) in aid of racketeering activity (18 U.S.C. § 1959), two counts of using a firearm in relation to a crime of violence or drug trafficking crime (18 U.S.C. § 924(c)), and two counts of possessing cocaine base with the intent to distribute (21 U.S.C. § 841(a)(1))." *Tipton*, 90 F.3d at 869-70.

Notably, as both defendant's indictment and the jury instructions reflected, both of defendant's convictions under § 924(c) had multiple predicate offenses that included both crimes of violence and drug-trafficking offenses.  Defendant's § 924(c) offenses are as follows:

| *§ 924(c) count* | *Date* | *Predicate offenses* |
|---|---|---|
| Count 20 | Feb. 1, 1992 | Count 1 (21 U.S.C. § 846)<br>Counts 17-19 (21 U.S.C. § 848(e)(1)(A))<br>Counts 21-23 (18 U.S.C. § 1959) |
| Count 26 | Feb. 19, 1992 | Count 1 (21 U.S.C. § 846)<br>Counts 24-25 (21 U.S.C. § 848(e)(1)(A))<br>Counts 27-30 (18 U.S.C. § 1959) |

In his application for a successive § 2255 motion, defendant challenges only his convictions under § 924(c)—counts 20 and 26.  Again, he did not receive a death sentence on those counts, and he fails to show that the existence of the § 924(c) counts—as opposed to the facts supporting those counts—affected the death sentence imposed for his convictions under § 848.

Even if defendant could vacate the § 924(c) counts, that should have no effect on his death sentence and hence should not provide a basis for successive habeas relief. *See, e.g., United States v. Ross*, 801 F.3d 374, 382-3 (3d Cir. 2015). But as explained next, defendant's arguments fail on a series of additional grounds.

## II.    Analysis

All of defendant's § 924(c) convictions had a count under § 848(e)(1)(A) on which defendant received a death sentence. Section 848(e)(1)(A) is notable because that offense, which required the jury to find an intentional murder, readily counts by itself as *both* a drug-trafficking crime *and* a crime of violence.

At the time of his conviction, the classification of a predicate offense as a crime of violence or drug-trafficking offense was properly deemed a question of law for the court. *See, e.g., United States v. Adkins*, 937 F.3d 947, 950 n.1 (4th Cir. 1991) ("Whether an offense is a 'crime of violence' is a question of law for the court, and not a question of fact for the jury. . . . Any error in submitting the issue to the jury benefited Adkins . . . by giving him a 'bite at the apple' to which he was not entitled."). The indictment in this case specified all of the predicate offenses for the § 924(c) counts, and the jury instructions correctly informed the jury that the predicates were crimes of violence or drug-trafficking offenses.[1]

---

[1] In *Davis*, the Supreme Court will address whether § 924(c)(3)(B) requires a categorical interpretation that is a question for the court or whether § 924(c)(3)(B) requires a circumstance-specific approach and a jury finding. Regardless of how that question is answered, there is no dispute that § 924(c)(2) and § 924(c)(3)(A)

Moreover, even on direct appeal, there would be no need for a special verdict to establish harmlessness if there were a proper drug-trafficking predicate but not a valid crime of violence for a § 924(c) count, or if there were a proper predicate under § 924(c)(3)(A) but § 924(c)(3)(B) were invalid.  *See, e.g., United States v. Jefferson*, 674 F.3d 332, 361 (4th Cir. 2012) ("[I]f the evidence that the jury 'necessarily credited in order to convict the defendant under the instructions given … is such that the jury must have convicted the defendant on the legally adequate ground in addition to or instead of the legally inadequate ground, the conviction may be affirmed.'") (citation omitted).  And because defendant long ago exhausted his direct appeal, harmlessness standards are less stringent on collateral review.  *United States v. Smith*, 723 F.3d 510, 515-16 (4th Cir. 2013).

Moreover, and significantly, because defendant never raised his constitutional vagueness challenge to his § 924(c) convictions on direct appeal, he procedurally defaulted the claim and would have to establish factual innocence, which would require more than merely asserting a claim of error in the jury instructions.  *See, e.g., Bousley v. United States*, 523 U.S. 614, 623 (1998).  Given the existence of the valid drug-trafficking predicates, defendant cannot possibly show that he is factually innocent of his § 924(c) convictions.

---

establish standards that are questions of law for the court, and as explained in the rest of this pleading, defendant has multiple predicate offenses that satisfy § 924(c)(2) and § 924(c)(3)(A).

And defendant's convictions under § 848(e)(1)(A) easily qualify as drug-trafficking crimes under § 924(c)(2).  Section 924(c)(2) provides, "For purposes of this subsection, the term "drug trafficking crime means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) or chapter 705 of title 46."  Although § 848(e)(1)(A) does require proof of an intentional killing, a violation of § 848(e)(1)(A) is also a drug-trafficking crime because the offense is a felony punishable under the Controlled Substances Act.  And this Court has properly rejected that there is any constitutional vagueness problem with a § 924(c) count that depends on a drug-trafficking predicate.  *See, e.g., United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016).

Section 848(e)(1)(A) also satisfies § 924(c)(3)(A) as a crime of violence—particularly in a case where the jury makes the additional findings to impose the death penalty—because, again, § 848(e)(1)(A) requires proof of an intentional killing.  This Court has held that an intentional murder under federal law (even without taking into account a capital murder) satisfies § 924(c)(3)(A).  *See In re Irby*, 858 F.3d 231 (4th Cir. 2017) (denying application for successive § 2255 where defendant challenged § 924(c) count that relied on as a predicate offense second-degree murder in retaliation against a witness or informant, in violation of 18 U.S.C. §§ 1513(a)(1)(B) and 1111(a)); *see also United States v. Parrish*, 2019 WL 1568698 (4th Cir. Apr. 11, 2019) (unpublished) (applying *Irby* to hold that

10

North Carolina second-degree murder is a crime of violence under the elements clause of the career-offender guideline).

Other courts agree. *United States v. Jones*, 906 F.3d 1325 (11th Cir. 2018) (Florida second-degree murder is a violent felony under the ACCA's elements clause); *Hylor v. United States*, 896 F.3d 1219 (11th Cir. 2018) (Florida attempted first-degree murder is a violent felony under the ACCA's elements clause); *United States v. Teague*, 884 F.3d 726, 728-29 (7th Cir. 2018) (Illinois second-degree murder is a crime of violence under the elements clause of the career-offender guideline); *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017) (both murder and attempted murder under Illinois law are violent felonies under the ACCA's elements clause); *United States v. Peeples*, 879 F.3d 282, 286-87 (8th Cir. 2018) (Iowa attempted murder satisfies elements clause of career-offender guideline). Indeed, court have held that voluntary manslaughter offenses count as crimes of violence under various elements clauses. *See, e.g., United States v. Smith*, 882 F.3d 460 (4th Cir. 2018) (voluntary manslaughter under North Carolina law satisfies the ACCA's elements clause); *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc) (voluntary manslaughter under Missouri law satisfied the pre-2015 elements clause of U.S.S.G. § 2L1.2).

These rulings readily accord with Supreme Court precedent. *See, e.g., Stokeling v. United States*, 139 S. Ct. 544, 553 (2019) (explaining that "force" and "violence" cover "*unjust* or *improper* force" and agreeing with the common law

11

that "[o]vercoming a victim's resistance [i]s *per se* violence against the victim, even if it ultimately caused minimal pain or injury.").  If taking a victim's property against the victim's will is a crime of violence, then necessarily taking the victim's *life* counts as a crime of violence as well.  When an assailant intentionally kills a victim, the Supreme Court's definition of "force" is easily surpassed.

Defendant's § 924(c) convictions are also supported by a predicate offense charged in count 1, a violation of 21 U.S.C. § 846.  Section 846 is, of course, another violation of the Controlled Substances Act and hence counts as a drug-trafficking crime.  Although this Court held in defendant's direct appeal that count 1 merged with another drug-trafficking offense, count 2, charging a violation of § 848, *see Tipton*, 90 F.3d at 891, that merger offers defendant no relief.  Both § 846 charged in count 1 and § 848 charged in count 2 are drug-trafficking offenses, and regardless, a separate § 846 conviction need not stand as a separate offense to sustain the § 924(c) conviction.  *See, e.g., United States v. Hopkins*, 310 F.3d 145, 152-53 (4th Cir. 2002) (affirming § 924(c) conviction where charged predicate was assault with a weapon under 18 U.S.C. § 111(b), even though jury convicted only on lesser included offense of § 111(a), assault without a weapon).  Again, defendant cannot possibly show that he is innocent of any of his § 924(c) counts.

Defendant's convictions for murder in aid of racketeering under § 1959(a)(1) in counts 21, 22, 23, 27, and 28 also satisfy § 924(c)(3)(A).  As

12

murder offenses, these convictions readily qualify under the precedent cited above explaining why § 848(e)(1)(A) satisfies § 924(c)(3)(A).  And although it is not necessary for this Court to reach the question here, defendant's convictions for maiming in aid of racketeering under § 1959(a)(2) in counts 29 and 30 also satisfy § 924(c)(3)(A).

One threshold point is that maiming in aid of racketeering under § 1959(a)(2) and murder in aid of racketeering under § 1959(a)(1) are separate offenses, have separate elements, and carry different penalties—a statutory maximum of 30 years versus a sentence of mandatory life.  The two offenses are readily divisible, *see, e.g., Portocarrero v. United States*, 2019 WL 181119, *8 (E.D. Va. Jan. 11, 2019) (citing *United States v. Cousins*, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016)), and the jury necessarily made the findings necessary to establish that defendant committed murder in aid of racketeering under § 1959(a)(1). Notably, every one of defendant's § 924(c) counts was supported by a count expressly charging *murder* in aid of racketeering.  Counts 21, 22, 23, 27, and 28 all charged murder in aid of racketeering; the jury found the requisite intentional killings, as the verdict forms show; and life was imposed for each count, a sentence above § 1959(a)(2)'s maximum.  Again, defendant's murder offenses satisfy the elements clause in § 924(c)(3)(A), as multiple cases now hold.

As then-Judge Kavanaugh explained for the D.C. Circuit, every other circuit but the Fifth Circuit has rejected various theory that "indirect" force that inflicts

injury is not "physical force" under elements clauses. *United States v. Haight*, 892 F.3d 1271, 1280 (D.C. Cir. 2018) (collecting cases), *cert. denied*, 139 S. Ct. 796 (2019). And now the Fifth Circuit, sitting en banc, has repudiated its outlier precedent on this question too. *Reyes-Contreras*, 910 F.3d at 182.

Finally, defendant does not come close to establishing that the existence of the § 924(c) counts would have affected the death sentences in this case. The death sentences were imposed under § 848(e)(1)(A), and to prove those offenses, the United States had to show, and the jury had to find, that defendant participated in the intention murders of the seven victims. The evidence in this case at both the guilt phase and the penalty phase would not have changed one bit without the § 924(c) counts.

## III.    Conclusion

For the reasons stated above, this Court should deny defendant's application for permission to file a successive § 2255 motion.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:    _____/s/_____
Richard D. Cooke
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
919 East Main Street, Suite 1900
SunTrust Building

14

Richmond, Virginia 23219

(804) 819-5471

**Certificate of Service and Compliance**

I certify that this motion does not exceed 5,200 words and complies with the requirements of Fed. R. App. P. 27. I also certify that on April 24, 2019, I filed electronically the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

                /s/

                Richard D. Cooke

                Assistant United States Attorney

                U.S. Attorney's Office

                Eastern District of Virginia

                919 East Main Street, Suite 1900

                SunTrust Building

                Richmond, Virginia 23219

                (804) 819-5471

                richard.cooke@usdoj.gov